DIXON, Judge.
The appellant was injured in an accident on a blacktop country road when her car left the highway, she claims, to avoid a collision with the defendant Magee as he backed into the highway from his drive.
After trial, the district judge found that the plaintiff had failed to prove that the accident was caused by the negligence of the defendant, but was instead caused by plaintiff’s own negligence when she lost control' of her automobile. There was judgment rejecting the demands of the plaintiff.
Shortly after 6:00 a. m. on December 4, 1968 plaintiff, on her way to work as a practical nurse, testified that she saw the defendant back into the highway from his drive, creating an emergency from which she attempted to escape by pulling off the road to her right. She collided with a culvert and a pole, damaging her car and injuring herself.
The defendant testified that he stopped his car in his driveway before entering the highway, that he observed the headlights of an automobile approaching from a hilltop a quarter of a mile from his drive, that he then backed his automobile into the highway, turning so as to head toward the approaching vehicle, and had moved only about one car length, entirely in his own lane of travel, when the approaching vehicle topped a rise about sixty-five yards away. The defendant testified that no other vehicles were on the highway at that time. The defendant further testified that, when he saw plaintiff’s car sixty-five yards away, it began to skid as if its brakes had been applied suddenly; then he saw it straighten up only to leave the road on the plaintiff’s right hand side, crossing defendant’s driveway, a neighbor’s driveway, and coming to rest on the opposite side of the road. The defendant testified that his automobile was stopped as plaintiff’s vehicle passed him, and remained stationary until the plaintiff’s car came to a standstill.
Plaintiff-appellant strongly urges that the only cause of the accident was the failure of the defendant to yield the right of way to the plaintiff, as provided in R.S. 32:124. The defendant, on the other hand, attributes the accident solely to the plaintiff’s loss of control of her automobile.
The trial judge believed the testimony of the defendant. The testimony of the plaintiff and the testimony of the defendant is contradictory. There is little in the record except the testimony of these two parties to bear on the cause of the accident. The burden is on the plaintiff to prove her case by a preponderance of the evidence.
*269 It may be that the plaintiff’s explanation of the cause of the accident is at least as plausible as the defendant’s. This does not satisfy the burden of the law. There is no evidence in the record which we can employ to demonstrate that the defendant’s testimony is false and the plaintiff’s is true. The trial judge saw the witnesses, visited the scene of the accident, weighed the testimony, and concluded that the plaintiff failed to prove her case. With this we cannot disagree.
Consequently, the judgment appealed from is affirmed, at appellant’s cost.